**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3326
_____

STANLEY J. CATERBONE; ADVANCED MEDIA GROUP;
ADVANCED MEDIA GROUP, LTD.

v.

THE NATIONAL SECURITY AGENCY, NSA

STANLEY J. CATERBONE, Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 5-18-cv-04222)
District Judge: Honorable Jeffrey L. Schmehl
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 25, 2019

Before: MCKEE, COWEN and ROTH, Circuit Judges

(Opinion filed: November 27, 2019)
_____

OPINION*
_____

PER CURIAM

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Stanley J. Caterbone appeals from an order of the United States District Court for the Eastern District of Pennsylvania, which dismissed his complaint with prejudice. We will affirm the District Court's judgment.

Caterbone, proceeding pro se and in forma pauperis ("IFP"), filed a 157-page complaint against the National Security Agency ("NSA").[1] The complaint consisted of Caterbone's disjointed allegations of the United States Government's use of mind control and electronic monitoring since the 1940s. The complaint did not set forth specific allegations against the NSA, or explain what cause of action Caterbone might have against it. The District Court dismissed Caterbone's complaint as factually frivolous and malicious under the IFP screening provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

The District Court also determined that the complaint was subject to dismissal on numerous other bases: (1) failure to comply with Rule 8 of the Federal Rules of Civil Procedure; (2) attempting to raise claims under criminal statutes that provide no basis for private action; (3) suing a party that is immune from suit (the NSA); (4) failure to raise any claims of race- or class-based discrimination that would support a claim under 42 U.S.C. § 1985(3); and (5) attempting to raise claims that are barred by the statute of limitations. The District Court did not give Caterbone the opportunity to amend his complaint, reasoning that any amendment would be futile.

---

[1] The District Court dismissed Advanced Media Group and Advanced Media Group, Ltd. as plaintiffs, as Caterbone, who is not an attorney, cannot represent those entities in federal court. Caterbone does not challenge that ruling on appeal.

The District Court warned Caterbone that, because of his "history of filing numerous frivolous complaints regarding his allegations of government mind-control," any "further baseless filings may result in restriction of his filing privileges." Dkt. #4 at 9. Caterbone timely appealed.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. Under any conceivable standard of review, see Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001) (noting split in authority), the District Court did not err in determining that Caterbone failed to present a "colorable" legal claim based on the facts alleged. See Denton v. Hernandez, 504 U.S. 25, 32–33 (1992) (noting when a court may dismiss a claim as factually frivolous (citing Neitzke v. Williams, 490 U.S. 319, 325–28 (1989))); see also Deutsch v. United States, 67 F.3d 1080, 1085 (3d Cir. 1995) (noting "a claim based on an indisputably meritless legal theory may be dismissed as frivolous"). Indeed, as the District Court noted, many of the claims in his complaint were repetitive of those dismissed as frivolous in earlier District Court cases, including Caterbone v. Lancaster City Bureau of Police, E.D. Pa. Civ. No. 18-cv-02710, and Caterbone v. National Security Agency, E.D. Pa. Civ. No. 17-cv-00867, dismissed under 28 U.S.C. § 1915(e)(2)(B)(i), C.A. No. 17-1904 (judgment entered on Oct. 13, 2017), petition for panel reh'g and reh'g en banc denied, C.A. No. 17-1904 (order entered Jan. 4, 2018), cert. denied, No. 17-8399 (Sup. Ct. order entered May 14, 2018).

3

Furthermore, Caterbone's arguments offered on appeal present no reason to doubt the District Court's determination that his complaint had no realistic chance of success on the merits.

Accordingly, we will affirm the District Court's judgment.[2]

---

[2] Like the District Court, we warn Caterbone that filing further meritless appeals in frivolous cases may result in the imposition of sanctions or filing injunctions. See Brow v. Farrelly, 994 F.2d 1027, 1038 (3d Cir. 1993) (noting that the All Writs Act, 28 U.S.C. § 1651(a), permits a court to issue filing injunctions "to preclude abusive, groundless and vexatious litigation").